# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

―――――

**No. 05-5289**

**September Term, 2005**

05cv01152
05cv01221

**Filed On:**

Keith Russell Judd,
        Appellant

     v.

United States of America,
        Appellee

―――――――――――――――――――――――

Consolidated with 05-5290

> UNITED STATES COURT OF APPEALS
> FOR DISTRICT OF COLUMBIA CIRCUIT
>
> FILED  FEB 1 4 2006
>
> CLERK

**BEFORE:**    Sentelle, Tatel, and Garland Circuit Judges

## O R D E R

    Upon consideration of the appellant's briefs, which the court construes as containing requests for a certificate of appealability, and the supplements thereto; the court's order entered September 12, 2002, in No. 02-3049, In re Judd (D.C. Cir. Sept. 12, 2002); and the court's orders entered March 22, 2004, in No. 03-5188, Judd v. Ashcroft (D.C. Cir. Mar. 22, 2004), and No. 04-5021, In re Judd (D.C. Cir. Mar. 22, 2004), it is

    **ORDERED** that the requests for a certificate of appealability be denied. Because appellant has not made "a substantial showing of the denial of a constitutional right," no certificate of appealability is warranted. 28 U.S.C. § 2253(c)(2); see Slack v. McDaniel, 529 U.S. 473, 484 (2000). It is

    **FURTHER ORDERED**, on the court's own motion, that appellant be enjoined from filing any new cases in the United States Court of Appeals for the District of Columbia Circuit without first obtaining leave of this court. A request for leave to file must accompany each notice of appeal or petition for relief. In seeking leave to file, appellant must certify that his claim or claims are not frivolous or taken in bad faith, and he must show a tenable basis for each claim. Additionally, each motion for leave to file must be captioned "Application Pursuant to Court Order Seeking Leave to File," and must be accompanied by a copy of this order. Failure to comply strictly with the terms of this injunction will be sufficient grounds for denying leave to file.

# United States Court of Appeals

### FOR THE DISTRICT OF COLUMBIA CIRCUIT

---

## No. 05-5289                                September Term, 2005

In September 2002, appellant was enjoined from filing in this court any further motions for leave to file a second or successive habeas corpus petition pursuant to 28 U.S.C. § 2255 to challenge his conviction in the United States District Court for the Western District of Texas. No. 02-3049, In re Judd (D.C. Cir. Sept. 12, 2002). Subsequently, in March 2004, based on his "numerous frivolous cases and pleadings in this court," appellant was warned this court would be inclined to impose an injunction if he "does not cease this abuse of the judicial process." No. 03-5188, Judd v. Ashcroft (D.C. Cir. Mar. 22, 2004) (denying certificate of appealability); No. 04-5021, In re Judd (D.C. Cir. Mar. 22, 2004) (denying mandamus petition). After the warnings, he filed eleven more appeals in this court, including the current appeals, which attack his criminal conviction through a "Motion for Relief From Judgment in 28 U.S.C. § 2255 Proceeding by Independent Action under Fed. R. Civ. P., Rule 60(b); Jurisdiction Under Fed. R. Civ. P., Rule 4(k)(2)" (No. 05-5289), and a "Motion for Relief From Judgment Dismissing 28 U.S.C. § 2255 Proceeding under Savings Clause: 28 U.S.C. § 2241; 28 U.S.C. § 1631; Fed. R. Civ. P., Rule 60(b)" (in No. 05-5290). These filings are essentially the same as filings in another unsuccessful habeas action, No. 05cv780, Judd v. U. S. District Court for the Western District (D.D.C. Oct. 3, 2005), and two recent appeals, Nos. 05-3104 and 05-3105, In re Judd (D.C. Cir. Sept. 29, 2005) (denying leave to file a successive § 2255 motion and denying "motion to amend as independent action pursuant to Fed. R. Civ. P. 60(b)"). Appellant's history of filing successive, substantially the same, and uniformly frivolous pleadings constitutes an abuse of the judicial process and warrants this extraordinary action. See Urban v. United States, 768 F.2d 1497 (D.C. Cir. 1985); cf. Judd v. University of New Mexico, 204 F.3d 1041 (10th Cir. 2000) (imposing filing restrictions to prevent further frivolous and jurisdictionally defective filings); Judd v. U. S. District Court for the Western District, 528 U.S. 5 (1999) (per curiam) (barring prospective filings in noncriminal cases based on abuse of the Supreme Court's certiorari and extraordinary writ processes).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. Because no certificate of appealability has been allowed, no mandate will issue.

The Clerk is directed to sent a copy of this order to appellant by whatever means necessary to ensure receipt.

**Per Curiam**

A True copy:

United States Court of Appeals
for the District of Columbia Circuit

By: _____ Deputy Clerk     Page 2